By the Court:

We refuse to nonsuit the plaintiffs, because there was some proof offered by them, that, according to the agreement between them, the defendant was to obtain whatever license or permit was necessary from the author!-, ties of the city, to open the trench and lay the trunk for the plaintiffs. If this was the agreement—and that was a question not for the Court, hut for the jury to determine— it was not a contract to do an illegal act, so far as the plaintiffs were concerned; it was itself a breach of his contract with them to undertake the work without the license, and would not exempt him in this action from his liability to them for the further breach of his contract, which implied an engagement on his part to exercise due care and diligence in the mode of performing it.

The Court

charged the jury, without argument of counsel, on points suggested by them, and on which they asked the instructions of the Court, that if the contract between the parties was, that the defendant was to do the work and open the trench across the street and lay the trunk, without license first obtained from the proper authorities of the city for that purpose, it was illegal, and the plaintiffs could not maintain an action upon it for the damage sustained by them, by reason of any negligence or misconduct on the part of the defendant in doing the work. But if the agreement between them was that the defendant was to *203 procure the license before he proceeded to open the trench, hut did not obtain it, the plaintiffs could recover, unless it further appeared in evidence that the plaintiffs were apprised of his failure to obtain it, and afterwards agreed to his proceeding without it. That even when such a work was begun, and even whilst it waá in progress by competent authority, or permission, it was the duty of those having charge of it to exercise strict diligence, and to provide all needful and proper means to prevent such accidents as the one referred to in this case, and to protect the public against loss and injury in the use and enjoyment of the common highway; and this obligation was only the stronger certainly, when it was done without proper authority. As to the measure of damages, in regard to which the Court had been asked to instruct the jury, they could not exceed the amount of the judgment recovered against the plaintiffs by Bonsai, with interest upon it from the date of the recovery; but whilst that judgment was evidence to show the quantum of damage, or the extent to which the plaintiffs had been damnified, and the amount of the defendant’s liability to them in the present action, it was no evidence of the faót itself upon which that judgment was founded; that is to say, it is no evidence to show that the damage and injury which they have sustained was occasioned by the negligence or misconduct of the defendant, for that was a fact to be proved otherwise, and as to which the jury must be satisfied by other evidence in the ease, or they could not find a verdict for the plaintiffs.
Verdict for the plaintiffs.